# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS, INC. and | ) | |
| LG ELECTRONICS USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. 10 CV 3179** |
| | ) | |
| MOTOROLA, INC., | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| Defendant. | ) | **November 2, 2010** |

## MEMORANDUM OPINION and ORDER

On August 5, 2010, this court issued an opinion and order requiring Motorola, Inc. to produce certain documents to LG Electronics, Inc. and LG Electronics USA, Inc. (together "LG"). After Motorola produced some documents and submitted a privilege log documenting its reasons for withholding others, LG filed the current supplemental motion to compel asking this court to order Motorola to turn over documents described in its privilege log. On September 24, 2010, this court ordered Motorola to provide those documents to the court for in camera inspection. Having completed that review, the court finds that Motorola properly withheld most, but not all, of the documents identified on its privilege log. For the following reasons, LG's request to compel Motorola to produce documents identified in its privilege log is denied in part and granted in part:[1]

---

[1] Because there is a protective order in place in this case, LG filed redacted briefs with the clerk's office and provided the court with unredacted versions. The court has made every effort to ensure that this opinion does not include any confidential information. The parties should contact the court immediately if the opinion conveys any information that is subject to the protective order.

## Background and Procedural History

A detailed description of the procedural posture of this case is set forth in this court's August 5, 2010 Opinion and Order. In short, the current discovery dispute has its origins in a patent case pending in the United States District Court for the District of Maryland, in which a company called Vizio, Inc. has accused LG of infringing patents Vizio purchased from Motorola in 2009. *See Vizio, Inc. v. LG Electronics, Inc.*, Case No. 1:09-cv-1481. In January 2010, LG served Motorola with a subpoena issued by the United States District Court for the Northern District of Illinois requesting, among other things, the production of documents related to the patents at issue in the Maryland case. Unsatisfied with Motorola's initial responsive productions, LG filed the motion to compel that this court resolved in the August 5, 2010 Opinion and Order. In that opinion, this court ordered Motorola to: (1) produce certain documents initially withheld on the basis of privilege; (2) produce records pertaining to the development of certain industry standards; (3) produce documents related to its valuation and assessment of the validity of the Vizio patents; and (4) submit affidavits verifying that certain unproduced documents are non-responsive and detailing its search activities.

On September 7, 2010, LG filed the current supplemental motion to compel, which falls within the scope of the district court's referral to this court for discovery supervision. (R 14, 16, 33.) In its supplemental motion, LG asserted that Motorola has not fully complied with this court's previous order and asks for three forms of relief. First, it asked the court

to order Motorola to contact additional employees in a search for responsive documents. Second, it asked the court to order Motorola to provide an affidavit explaining redactions it made to some of the documents it produced. Finally, it asked the court to either order Motorola to turn over documents identified in its most current privilege log or to submit those documents to the court for in camera inspection. After receiving LG's supplemental motion, Motorola voluntarily conducted extra searches and provided the requested affidavit. Accordingly, in a minute order issued on September 24, 2010, this court ordered Motorola to contact only two additional employees, denied as moot LG's request to compel Motorola to provide an affidavit, and ordered Motorola to submit the documents identified in its most current privilege log for in camera inspection. This court has reviewed all of the documents Motorola provided, along with its supplemental affidavit identifying the roles played by the recipients of various documents withheld on the basis of the attorney-client privilege.

**Analysis**

Motorola withheld from production 52 responsive documents on the basis of the attorney-client privilege, five on the basis of the work-product doctrine, and 15 based on both privileges. "The attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity fo the purpose of obtaining legal advice." *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007). The privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."

3

*Upjohn v. United States*, 449 U.S. 383, 390 (1981). Communications made to an attorney in the presence of a third party do not fall within the privilege, unless the "third party is present to assist the attorney in rendering legal services." *Jenkins*, 487 F.3d at 490-91. As for the work-product doctrine, Federal Rule of Civil Procedure 26(b)(3) explains: "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Work-product protection applies only where a document can fairly be said to have been prepared because an "'articulable claim, *likely* to lead to litigation, has arisen.'" *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 622 (7th Cir. 2009) (quoting *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1120 (7th Cir. 1983) (emphasis in original).

This court's task in reviewing the withheld documents is to determine whether Motorola has met its burden of establishing that the claimed privileges attach. *See United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Having conducted that review, the court concludes that the attorney-client privilege attaches to all but one of the 67 documents Motorola withheld on that basis. The vast majority of the documents consist of charts, power point presentations, and e-mails generated by Motorola's Senior IP Counsel, Paul Bartusiak, and shared with high-level Motorola officials. The documents can be construed in good faith to provide Bartusiak's clients with legal, rather than purely business, advice (although the line between the two inevitably is blurry). *See American Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc. of the U.S.*, 406 F.3d 867, 879 (7th Cir. 2005). There are also

4

a number of e-mails created by high-level Motorola employees and shared with Bartusiak. Those e-mails were generated to provide Bartusiak with information to help him provide advice, or expressly seek legal advice. *See Upjohn*, 449 U.S. at 390; *Sandra T.E.*, 600 F.3d at 618. The privilege log asserts that these documents and communications were not shared with any outside parties, and nothing the court saw on the documents themselves casts doubt on that assertion. The one exception is document 4, a chart prepared by Bartusiak. In describing document 4's recipients, Motorola states that it "may have been shared" or "was likely shared" or was "possibly" shared with several high-level Motorola officials. But unless the document actually *was* shared with the clients, or conveys confidential information shared by the clients, it is difficult to view it as a "communication"—a term which implies that an actual exchange of information has taken place. *See* Black's Law Dictionary (9th ed. 2009); *see also Hadnott v. City of Chi.*, No. 07 CV 6754, 2009 WL 466808, at *4-*5 (N.D. Ill. Feb. 24, 2009). Because Motorola has not met its burden of showing that document 4 was communicated to any clients—and because Motorola has not cited any other basis to justify withholding the document—the attorney client-privilege does not attach and document 4 must be produced.

Motorola's assertion of the work-product privilege as the sole basis for withholding documents numbers 48, 50, and 54-56 does not fare as well as its attorney-client privilege claim. In responding to the current motion, Motorola explains that it is asserting the work-product privilege for these five documents because they were "created after it was

5

approached by Vizio regarding acquisition of the Vizio Patents" and at that time "Vizio made it known that it believed it faced serious threat of litigation from competitors." (R. 35, Resp. at 8.) In its reply, LG argues that as a non-party to the underlying litigation, Motorola is not entitled to invoke the work-product privilege. At the court's invitation both parties submitted brief supplemental memoranda addressing this issue of whether Motorola is entitled to assert the work-product privilege in this case.

Rule 26(b)(3) states that the work-product privilege applies to documents prepared "by or for another party or its representative." This court has adhered to the plain language of that rule and held that its protections are limited "to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Hernandez v. Longini*, No. No. 96 CV 6203, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997) (quoting *In re: California Pub. Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989)); *see also, e.g. Cook v. City of Chi.*, No. 06 CV 5930, 2010 WL 331737, at *1 (N.D. Ill. Jan. 26, 2010); *Ostrowski v. Holem*, No. 02 CV 50281, 2002 WL 31956039, at *3 (N.D. Ill. Jan. 21, 2002). This court is not alone in limiting the work-product protections to parties. The United States District Court for the Southern District of New York has observed, "[t]his conclusion has been adhered to by the Supreme Court in dictum, by at least one circuit court and by numerous district courts." *Ramsey v. NYP Holdings, Inc.*, No. 00 CV 3478, 2002 WL 1402055, at *6 (S.D.N.Y. June. 27, 2002) (collecting cases); *see also* 8 Charles Alan Wright, et al., Fed. Practice & Procedure § 2024 (3d ed. 2010) ("Documents prepared for one who is not a party to the

present suit are wholly unprotected by Rule 26(b)(3)"). Relying on this strict construction of the rule, LG argues that because Bartusiak prepared the withheld documents for Motorola, and because Motorola is not a party to the underlying suit between Vizio and LG, Motorola cannot use Rule 26(b)(3) as a shield to prevent LG from discovering its work product.

Motorola recognizes that this court has limited the protections of Rule 26(b)(3) to documents prepared for a party to the underlying suit, but argues in its sur-reply that the rule is a flexible one that should not apply in the circumstances of this case. Specifically, Motorola argues that it has a "unique relationship to Vizio and the assets being asserted by Vizio against LG" because under the terms of the 2009 agreement which transferred the disputed patents to Vizio, Motorola "agreed not to unreasonably withhold assistance to Vizio (as the transferee) in assertion of the patents." (R. 54, Sur-reply at 2.) Based on what it characterizes as its ongoing obligation to assist Vizio, Motorola reasons that the work-product protections should apply to documents reflecting Bartusiak's assessments of the potential impact on both Motorola and Vizio of post-transfer patent litigation. Motorola argues (but only in its sur-reply) that even if the work product doctrine does not apply here, this court could avoid the "harshness" of Rule 26(b)(3) by granting it a protective order under Rule 26(c) to prevent the disclosure of the withheld documents. (Id. at 4.)

Motorola's arguments are not without appeal. The purpose of the work-product doctrine is "to establish a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." *Hobley v. Burge*, 433 F.3d

7

946, 949 (7th Cir. 2006) (quotation omitted), and ordering Motorola to produce its attorney's impressions regarding the underlying patents seems at odds with that purpose. But then again, "the Advisory Committee Notes make clear that the focus of the rule is on the competitive balance between the litigants, a concern not directly implicated by discovery from a non-party." *Ramsey*, 2002 WL 1402055, at *7. Motorola has not shown persuasively that its relationship with Vizio justifies this court ascribing to it party-like status in reviewing its assertion of the work-product doctrine or in evaluating the implications of ordering it to produce the documents. As LG points out, Motorola has not hesitated in the current proceedings to assert its non-party status when that status benefits it, (*see, e.g.*, R. 35, Resp. at 1), and that history renders less persuasive its current assertions that it should be treated like a party for the purposes of its work-product privilege claims.

More importantly, Motorola has not cited a single case to support its argument that the work product doctrine should apply in patent cases to documents created by the attorney for the original patent-holder, where the only litigation anticipated or realized involves a subsequent holder of the patent. The only authority to which Motorola points in its effort to justify extending the work-product doctrine's protections here is the analysis of commenters in the Wright & Miller treatise, who acknowledge that strict adherence to the language of Rule 26(b)(3) can have harsh results. 8 Charles Alan Wright, et al., Fed. Practice & Procedure § 2024 (3d ed. 2010). The commenters point out that under a strict reading of the rule, "documents prepared for one who is not a party to the present suit are wholly

8

unprotected . . . even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit." (Id.) They conclude that such a result would be "intolerable," and reason that "[t]o the extent that Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared in connection with some other litigation, the court can vindicate the purposes of the work-product rule by the issuance of a protective order under Rule 26(c)." (Id.) But Motorola has not shown that the current situation is similarly intolerable, because it is not a party to the Maryland litigation regarding the Vizio patents, nor has it alerted the court to any relevant litigation to which it currently is or even may become a party. Because Motorola has not pointed to any stake it has in the underlying or any other litigation, this court sees no reason to except Motorola from this court's limitation of the work-product protections to parties in the underlying litigation.

Neither has Motorola shown the requisite good cause for its belated request for a protective order under Rule 26(c). Motorola has not explained why its relationship with Vizio provides good cause, nor has it argued that producing the withheld documents will prejudice it in any way beyond the usual hardship that occurs when third-parties are required to turn over documents that they consider to be protected. Instead of conceding that its documents may not qualify as work product and asking for a protective order at the outset of the briefing on the supplemental motion to compel, Motorola waited to ask for the protective order until the court invited it to file a sur-reply to explain its work-product

9

position. But even then, Motorola's only argument that good cause exists to justify a protective order is that the "need for protection of these mental impressions is strong." (R. 54, Sur-reply at 4.) That rather summary argument does not meet the good-cause threshold. Because Motorola has not shown that the five documents withheld solely on the basis of the work-product privilege are subject to the protections of Rule 26(b)(3), and because it has not demonstrated that good cause exists for a protective order under Rule 26(c), the supplemental motion to compel is granted with respect to the documents Motorola withheld solely on the basis of the work-product doctrine: document numbers 48, 50, and 54-56.

## Conclusion

For the foregoing reasons, LG's Supplemental Motion to Compel Motorola to Produce Documents identified in its privilege log is denied in part and granted in part. (R. 33.) Motorola is ordered to produce document numbers 4, 48, 50, and 54-56 to LG on or before November 17, 2010.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge